# Public School Tuitions

JOHN D. KILLIAN, 3RD, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, April 13, 1959.—You raise a number of questions with regard to the attendance of pupils of one school district at a high school of another school district, which involve interpretation of sections 1607 and 1608 and sections 2563 and 2564 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §§16-1607 and 16-1608, and §§25-2563 and 25-2564. For purposes of clarity and brevity, we will separate the questions according to the statutory provisions involved, and state them individually.

*Sections 1607 and 1608*

1. May a resident of one school district attend a high school of another school district at the expense of the resident district if he attends such high school without the consent of the resident district?

Section 1607 of the Public School Code of 1949, supra, deals with high school attendance in another district (hereinafter called "receiving district") in three situations: (1) where the district of residence (hereinafter called "sending district") fails to maintain a public high school; (2) where the sending district maintains no public high school other than a vocational high school, and (3) where a public high school is maintained in the sending district, but its program of studies terminates before the end of the twelfth year.

In the first situation, the section provides that pupils residing in such district "may attend, during the entire term, the nearest or most conveniently located high school of such class as they may desire to attend."

In the second situation, pupils residing in such district "may attend, during the entire term, the nearest or most conveniently located academic high school."

In the third situation, "pupils who have satisfactorily completed the program of studies there available

in other than vocational schools or departments, or have completed a program of studies equivalent to said program of studies in some other school or schools, may attend, at the expense of the school district in which they live, and for the purpose of pursuing academic studies of a higher grade, the nearest or most conveniently located high school of such type as they may desire to attend giving further high school work."

Section 1608 of the Public School Code of 1949, supra, provides in *all* situations that pupils "wishing to attend a high school in a district other than the one in which they reside shall obtain the consent of the board of school directors of the district in which such high school is located before attending the same."

In none of the above situations, however, is consent of the sending district prerequisite to charging such district with tuition charges for resident pupils attending high school within the receiving district. In Lansdale School District v. Lower Salford School District,[1] the following theory is stated:

"If it is the will of the legislature that every child shall have the privilege of a high school if it so desires, then this effort to secure equality in the enjoyment of high school privileges cannot be defeated by the courts, nor is it in the power of any school board to overthrow the legislative enactment. . . .

"In the case before us the defendant district had notice of the admission to Lansdale high school. They paid the tuition for the first year, but made no protest to the Lansdale board, nor was any effort made to induce the foreign district to terminate her attendance at the high school. We do not mean to say that such protest would have relieved them from liability. Their liability arose from her attendance at the high school."

---

[1] 18 Dist. R. 472 (1909). Accord: New Castle School District v. School District of North Beaver Township, 141 Pa. Superior Ct. 401 (1940).

Section 2562 of the Public School Code of 1949, supra, as amended, 24 PS §25-2562, provides that the receiving district shall bill the sending district, and the sending district shall pay the amount of the tuition charge per pupil. In situations where no public high school or no public high school other than a vocational high school are maintained in the sending district, no prerequisites to liability for tuition charges exist except the fact of attendance at the high school of the receiving district. On the other hand, in the situation where the pupils have completed the program of studies in their own district, or its equivalent in some other school or schools, under section 1608 they must present to the board of their own district, and the board of the district in which they wish to attend, a certificate from the county superintendent who has jurisdiction over the district in which they live, that upon examination they have been found to have satisfactorily completed the equivalent of said program of studies. The necessity of an examination may be dispensed with where the resident district, with the written approval of the county superintendent, enters into a written agreement with the receiving district for the attendance and tuition of the pupils who desire to attend high school within the receiving district and have their tuition paid by the sending district.

Thus, in the above three situations and where the aforesaid necessary prerequisites have been met, residents of one school district may attend a high school of another district at the expense of the resident district without the consent or over the objections of the resident district.

2. If the sending district consents to or approves the attendance of a resident pupil at a high school of another district, is the sending district obligated to pay tuition to the receiving district if a written agreement so to do has not been negotiated?

As we have pointed out above, consent of the sending district is unnecessary in the three situations previously enumerated. In any case where a written agreement has been executed, it will control. Where resident pupils do attend a high school of another district and the facts of one of the above three situations are not present, there will be no liability for tuition charges in the absence of consent or approval of the sending district.[2] Such consent or approval, however, should be evidenced by written agreement, even though written consent is not mandatory. Oral consents are difficult to prove.

Consent may be implied from entries in the minutes of the sending district's board of directors if such records are available, payment of tuition charges for years past, or in some other manner. In Honesdale School District v. Bethany School District,[3] it was held that consent of the receiving district to the admission of pupils of the sending district might be shown otherwise than by formal motion or resolution of the board of school directors.

We are of the opinion that greater formality should not be required for the consent or approval of the sending district where it is abundantly clear by implication that such district is willing to assume liability

---

[2] In Cochranton School District v. Fairfield Township School District, 17 Dist. R. 1098 (1908), the reason for requiring consent in certain situations is stated as follows:

"[School directors] are not required or supposed to levy a tax for the purpose of paying tuition of resident pupils to a foreign district, and it might well happen that the school directors, having made their estimate of the expenses of maintaining the schools of their district for the ensuing year and levied their tax accordingly, find themselves burdened with a debt for tuition of their pupils in other districts of which they had no knowledge, which indebtedness they could not have foreseen, and hence could not have provided for."

[3] 16 Dist. R. 996 (1907).

for payment of tuition charges. The thrust of this conclusion is strengthened by the fact that the legislature has not seen fit expressly to require greater formality in the interrelations of school districts.

*Sections 2563 and 2564*

3. If a resident pupil attends high school in a receiving district at the expense of a sending district, is the Superintendent of Public Instruction authorized to withhold appropriations of the sending district and pay such over to the receiving district on account of unpaid tuition?

Section 2564 of the Public School Code of 1949, supra, as amended, specifically provides for deductions from State appropriations as follows:

"If any school district wherein a pupil resides, who is entitled by law to attend an elementary school or a high school or an extension class for which extension class tuition has been approved by the sending district in another district, neglects or refuses to pay any such tuition charge, or sewer charge or sewer rental, the Superintendent of Public Instruction is authorized to deduct from any moneys due any such district out of any State appropriation, the amount due from such district to the district where the pupil attends and pay over said sum to the district entitled thereto."

It should be stressed that section 2564 applies only where a pupil "is entitled by law" to attend a high school of the receiving district. In the three situations, referred to previously, where lack of consent of the sending district is immaterial, the resident pupil is so "entitled by law". Similarly, in a case where the sending district has agreed to assume liability, either orally or in writing, the pupil is "entitled by law" to attend the receiving district's high school.

Whenever the agreement is ambiguous and the subject of reasonable dispute over its terms and conditions, or whenever the sending district disputes the

very existence of an agreement, express or implied, the entitlement in law of a pupil to tuition-paid attendance in schools of the receiving district is not established and cannot provide a basis for action by the Superintendent of Public Instruction under section 2564. When and if such dispute is resolved in the courts in favor of the pupil or the receiving district, the entitlement in law is established, and section 2564 becomes operative.

4. If a receiving district certifies the admission of pupils to the sending district, and the sending district neither assents nor dissents at such time to the payment of tuition for such pupils, may the Superintendent of Public Instruction deduct such tuition from any moneys due the sending district and pay said sum on account of unpaid tuition to the receiving district?

Section 2563 of the Public School Code of 1949, supra, as amended, provides a procedure for certification of pupils admitted from other districts. The board of school directors of the receiving district shall, upon admission of nonresident pupils, properly certify to the board of school directors of the sending district, the names of all such pupils and the school or class they are attending, together with a statement of the tuition charge per pupil. Section 2563 continues by providing that the sending school district shall pay such tuition charges monthly to the receiving district.

Clearly, where the sending district neither assents nor dissents to the certification properly submitted to it by the receiving district, it has no cause to complain and the superintendent, under section 2564, has the right to make deductions from appropriations payable to the sending district and pay such over to the receiving district on account of unpaid tuition charges. Likewise, where pupils are entitled by law to attend the schools of the receiving district, an express refusal or dissent of the sending district is immaterial. Where,

however, the fact of liability is in dispute, the superintendent may not act to deduct appropriations until such time as the dispute is resolved against the sending district.

5. What type of certification will satisfy the provisions of section 2563 of the Public School Code of 1949?

Section 2563 provides that the receiving district shall "properly certify . . . the names of all such pupils and whether they are attending an elementary school or a high school or an extension class, together with a statement of the tuition charge per elementary pupil and the tuition charge per high school pupil and the vocational or other extension tuition charge per pupil hour of instruction."

We are of the opinion that the minimum standard for a proper certification would include a list of the names of nonresident pupils in attendance at the schools of the receiving district, the classes they are attending, and the amount of tuition due monthly for each pupil. Since section 2563 contemplates a monthly charge, it is intended to operate prospectively whereby the sending district will pay the receiving district the tuition charges as they accrue each month. Thus, tuition charges will have to be based upon data for the preceding year of operation of the receiving school district.[4] The monthly tuition charge will be an estimated amount, subject to year-end adjustment up or down depending upon the final cost data available at the end of the school year. The method for computing the tuition rate is provided in section 2561 of the

---

[4] In official opinion no. 171, dated February 13, 1959, Merged School Tuition Rates, 18 D. & C. 2d 211, we stated:

"Since it is imperative that tuition rates be available early in the school year, the expenditures and average daily membership of the preceding school year are used."

Public School Code of 1949, supra, as amended, 24 PS §25-2561.

6. In view of the fact that it is customary for receiving school districts to make requests of the Superintendent of Public Instruction to deduct moneys from the appropriations due sending districts at the close of the school year of operation for which the tuition is owed, may the Superintendent of Public Instruction grant a request by a receiving district to deduct appropriations for unpaid tuition due in years previous to the immediate past school year of operation?

Section 2564, supra, together with sections 2561, 2562 and 2563, provides a method of adjusting the respective rights and liabilities of school districts by means of reimbursements. The import of these provisions is to keep the respective school districts current and to avoid the accumulation of large debts and deficits. Consistent with this intent, we are of the opinion that section 2564 permits the superintendent to establish a policy of deducting only for tuition charges incurred during the immediate past school year of operation. The duty is incumbent upon the receiving school district to act seasonably in requesting the Superintendent of Public Instruction to make the authorized deductions. This conclusion in no way should be construed to mean that the receiving school district loses its right to reimbursement for accrued tuition charges for previous years. It merely means that the superintendent, whose duty it is to assist school districts in every way legally possible to properly manage their finances and fiscal affairs in a business-like manner, should not and is not intended to be the instrument whereby undue financial hardship will be imposed upon a sending district when the receiving district has been dilatory in claiming its right to have the Superintendent make deductions. However, in order not to penalize present dilatory districts, we

recommend that any policy established to make deductions only for charges incurred during the immediate past year should operate prospectively and not be applied to applications now pending before the superintendent.

We are, therefore, of the opinion and you are accordingly advised that:

1. In certain enumerated situations residents of one school district may attend a high school of another school district at the expense of the resident district even though they attend such high school without the consent or over the objections of the resident district.

2. Where a sending district consents to or approves the attendance of a resident pupil at a high school of another district, the sending district is obligated to pay tuition to the receiving district even though a written agreement so to do has not been executed.

3. Where a resident pupil attends high school in a receiving district at the expense of a sending district, the Superintendent of Public Instruction is authorized to withhold appropriations of the sending district and pay such over to the receiving district on account of unpaid tuition.

4. Where a receiving district certifies the admission of pupils to the sending district and the sending district neither assents nor dissents at such time to the payment of tuition for such pupils, the Superintendent of Public Instruction may deduct such tuition from any moneys due the sending district and pay said sum on account of unpaid tuition to the receiving district.

5. The type of certification which will satisfy the provisions of section 2563 of the Public School Code of 1949 is a list of the names of nonresident pupils in attendance at the schools of the receiving district, the classes they are attending and the amount of tuition due monthly for each pupil based upon data for the

preceding year of operation of the receiving school district.

6. Section 2564 of the Public School Code of 1949 permits the Superintendent of Public Instruction to deduct only for tuition charges incurred during the immediate past school year of operation.